**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1864**

_____

DEBBIE BALDWIN,

           Plaintiff – Appellee,

     v.

UNITED STATES OF AMERICA,

           Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge. (7:22-cv-00108-FL)

_____

Submitted:  March 1, 2024                          Decided:  June 26, 2024

_____

Before WYNN and BENJAMIN, Circuit Judges, and Joseph DAWSON III, United States District Judge for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Edward P. Yount, R. STEVE BOWDEN & ASSOCIATES, Greensboro, North Carolina, for Appellant.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Daniel Tenny, Maxwell A. Baldi, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, K. Paige O'Hale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debbie Baldwin ("Baldwin") appeals the district court's orders dismissing Baldwin's Complaint under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction based on the application of N.C. Gen. Stat. § 1-15(c)—North Carolina's statute of repose for medical malpractice actions.

Baldwin's FTCA suit related to significant injuries she suffered due to her treatment at a Navy hospital. Baldwin submitted an FTCA administrative claim to the Navy timely and extensively corresponded with the Navy during the administrative process for four years. When the Navy eventually informed her that she needed to file suit to negotiate her claim further, she did so within the period required by the FTCA's statute of limitations. Even though she complied with the FTCA's statute of limitations, the district court dismissed her case for lack of subject matter jurisdiction because she filed her complaint more than four years after receiving the negligent treatment and therefore violated a North Carolina statute of repose.

On appeal, Baldwin argues that the FTCA's statute of limitations conflicts with, and therefore preempts, North Carolina's statute of repose. In any event, in *Anderson v. United States*, 669 F.3d 161 (4th Cir. 2011), this Court rejected that argument in an order certifying a question to Maryland's highest court. The *Anderson* Court determined that, even if a plaintiff complies with the FTCA's statute of limitations, "an FTCA claim does not lie against the United States where a statute of repose would bar the action if brought against a private person in state court." *Anderson*, 669 F.3d at 165. Accordingly, state statutes of

2

repose apply to FTCA claims and are not preempted by the FTCA's statute of limitations. Therefore, we affirm the district court's judgment on that ground.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid in the decisional process.

*AFFIRMED*